# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MARK ALLYN SPEARS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-000577 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER CALTION, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Mark Allyn Spears, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights by housing him with sex offenders and telling other inmates that he was a sex offender. The court finds that Spears' allegations fail to state a claim of constitutional magnitude and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Spears alleges that he is not a sex offender, but that when he was booked at Southwest Virginia Regional Jail in Abingdon, they housed him with sex offenders and his booking officer told other inmates that he was a sex offender. Spears states that he fears for his life but he does not allege that any inmate has ever threatened or harmed him. Since filing this action, Spears has been transferred to Appalachian Detention Center.

## II.

A prisoner has no constitutional right to a particular security classification. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions). See also Hewitt v. Helms, 459 U.S. 460, 466 (1983); Lucero v. Russell, 741 F.2d 1129 (9th Cir. 1984). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause

does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). Similarly, a prisoner has no right to be housed in any particular cellblock or to object to his transfer from one cellblock to another. Hewitt, 459 U.S. at 466-68 (transfer from general population to administrative segregation does not involve a protected interest); Caldwell v. Miller, 790 F.2d 589, 604-05 (7th Cir. 1986) (where difference between pre- and post-transfer conditions is one of degree not of kind no protected liberty interest in implicated); Lucero, 741 F.2d at 1129 (transfer to maximum security does not infringe on any protected liberty interest); Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984) (transfer within a prison is within the discretion of prison officials). Accordingly, the court finds that Spears' allegation that defendants have wrongly housed him with sex offenders, even though he is not incarcerated for a sex offense, does not state a claim for a violation of his constitutional rights.

## III.

To the extent Spears alleges that the defendants failed to protect him by telling other inmates that he was sex offender and causing him to fear for his life, his claim fails. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a claim for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). Spears has not alleged any injury suffered as a result of defendants actions and, because he has been transferred to a different facility, he is not likely to suffer any injury in the future as a result of defendants actions. Accordingly, the court finds that Spears has failed to state a claim of constitutional magnitude.

2

## IV.

For the reasons stated, the court dismisses Spears' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**: This 27th day of March, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE